Danny Ferris. Thank you. Counsel. Good morning, Your Honor. Good morning. I'm Mike Waters. I represent Petitioner Danny Ferris. I had a long and somewhat circuitous path here. At the end, we're left with a manifestly argument, maybe a little bit different than most of them. Phoenix doesn't come here with stacks of evidence saying that their pile outweighs Ferris' pile. They don't come here with experts saying their experts should be valued because ours had no foundation. They basically come here with a somewhat strange and strained theory based on kind of a stupid view of the medical. And significantly, that was rejected by the Workers' Compensation Commission. Isn't the primary issue in this long, convoluted procedural background in this case credibility of the claimant? I think credibility of the claimant is always an issue. I would say the issue is manifest weight, but credibility is always important. I want to ask you a couple of questions about the record. Okay? You've got a six-volume record. The first two volumes contain the exhibits admitted in the first 19B. Volumes three and four are exact duplicates of volumes one and two. Volumes five and six are duplicates of volumes one and two, except it adds this last circuit court proceeding. The record does not contain the transcript of any of the testimony in the original 19B proceeding. It doesn't contain the original admission decision. It doesn't contain the original circuit court decision and a lot of other things. The record is incomplete. Yes. Okay. Yes. You've summarized it well. It took me five hours to get that far. I mean, how can we make a determination about whether or not the commission got it right on credibility and so forth when we don't even have transcripts of the testimony in the record on appeal? Well, I wish I could come here and argue manifest weight because I think I clearly went on the commission decision being correct. But I have raised the issue you raised, and it took me six hours of trying to prepare the appendix and abstract. You summarized it very nicely. Every document, you show it appearing three different times in the record. Yes, except the stuff that we need. Is there any transcript of the claimant's testimony in this record? Yes. In what record? The record on appeal. I included the transcript of the original arbitration proceeding in the appendix. Did you get a certification or a stipulation from your opponent? It was certified. It was certified and it was in. No, no, no. Did you get a stipulation from your opponent because it was not certified in the record? No, I did not. Well, you've got a problem now. I don't think I have a problem. It's not my review. You filed the appeal. I filed the appeal, but they filed the review from the commission decision. You're the epilogue. The cases say you have the obligation of providing us with a record that is sufficient to allow us to decide the case. We haven't got a record unless we've got a transcript of the proceedings below, either as part of the certified record or supported by stipulation. True. And Judge Schmidt did not have a record either. We don't know what Judge Schmidt had because we don't have any transcripts of the proceedings in front of him. How can we tell from the record we have what he reviewed? You do have the circuit court record that omits the testimony at arbitration, and we raise that saying that Phoenix Review failed and should have failed in the circuit court because the circuit court never had jurisdiction because Phoenix did not take the entire record to the circuit court. What does that have to do with their jurisdiction? It may have something to do with the efficacy of his decision, but it has nothing to do with his jurisdiction. I think it does. I think that you... He filed an incomplete record. I didn't file a record. Phoenix filed a record. You filed an incomplete record in front of us, and you want to tell us that he filed an incomplete record in front of the circuit court. How do we know that? I filed the record with this court that was a certified record of the circuit court. I don't know what else I could have filed. You could have filed the record from the original workers' comp proceeding. You could have filed the record from the second workers' compensation proceeding, and if he didn't file it before the circuit court, you could have filed it and had it certified. It was very, very easy. We've got to have a record to decide that you can't supply it in an appendix unless your opponent stipulates to it. And now the question is under Fouch, who do we give credit to if we Fouch this case? Do we give credit to the circuit court judge or do we give credit to the commission because it's really the commission's decision that we're reviewing? Are you aware of the case of Fouch v. O'Brien and the implications? Are you aware of that? No. It's a Supreme Court case that says that if we don't have a sufficient record given to us by the Appalachian, we must assume that the trial court properly applied the law to the facts and affirmed the decision. That's our obligation. That's your hurdle right now. Now the question becomes, because we review the commission decision and not the circuit court's decision, if we Fouch this case and say we have insufficient record to decide it, who do we give the credit to, the commission or the circuit court? Well, if you're not aware of Fouch, you might have a hard time answering. No, I don't think that I do. If you look at the circuit court decision, it's a very short decision. It said basically that I agree with the dissent filed by Commissioner Lindsay. Well, how could the circuit court do that if it didn't even have a transcript of any of the testimony? I don't think that. I mean, it's not in the record, but I mean, you threw it into the appendix here. Did somebody throw it up on the bench in the circuit court so he had it to read? No. No. No, I think that, no, I, no. Nobody filed it. Nobody filed it with the court. I don't know how Judge Schmidt came to his decision. And neither do we. That's therein lies the problem. Whose factual findings are we reviewing when we don't have a complete record? Well, whose factual findings do we give credit to? The circuit court. As Fouch would say, we have to give it to the circuit court, but in that situation, the circuit court is not sitting as a court of review. In Fouch, the circuit court is the trial court making the factual findings or do we extend Fouch and turn around and say no? Because we are reviewing a reviewing court, we give credit to the commission in the absence of a sufficient record. I mean, where do we go with this? I think the test still is, has somebody shown that the commission's decision was against a manifest way? Well, the question becomes, how would we know that if we don't have a record? You're right on the test. But if the record is insufficient, how do we make that determination? You don't make it by looking at a circuit court decision because Judge Schmidt chose not to enlighten us with any. Good. Tell us what was in the commission. Give us the record before the commission. You see the inequity of it? It's that you're the appellant and you gain the benefit by not making sure that the record is complete. If we are to give credence to the commission's factual findings, you will have benefited, your client will have benefited, from the incomplete record here. Isn't that inequitable? I mean, you said a few minutes ago it's not my problem. So, I mean, obviously you recognize the record was incomplete. No, I don't know about my opponent. I recognize it was incomplete when I began to prepare the appeal. So, since we have both been through the commission, we both had our evidentiary transcripts. And I don't know about my opponent, but we didn't go to the circuit court to get the evidentiary transcript to work from because we had them. Well, then you should have stipulated to it. You should have gotten a stipulation back and forth. Once you stipulate to it, we can take it without a certification if it's stipulated to by the parties. I have a serious question as to whether your opponent citing your appendix hasn't, in fact, that's not tantamount to a stipulation, but we'll get to that when he gets up here. But the question that I have is, how are we supposed to decide this case without the record before the commission? Well, one of the arguments that we have is that by failing to take the entire record to the circuit court, they deprive the circuit court of jurisdiction. How do we know that? How do we know that the circuit court didn't have a complete record? What document tells us that, that has been certified and is part of the record? Well, you have the decision of the commission, which refers to testimony that does not, and any other record that you have before you. I have a decision, but I don't have the testimony. I don't know if the decision is correct. No, but the question was how do you know that you don't have all the evidence before you? No, no, no, that's not what I asked you. I know I don't have all the evidence before me. That's easy. Okay. How do I know that Judge Schmidt didn't have all these records in front of him? What document tells me he didn't have those records and that he didn't review what went on at the commission before him? Well, you have before you what the circuit court has certified as its record. We have to presume that to be correct? We have to presume that to be complete? Not certified, I would think so. You ever practice law in Cook County? We haven't had a complete record in the 30 years I've been on the path. Yeah, this isn't Cook County. It's a certification by the circuit court that this was the record filed before you. We could go back and forth all morning on the reasons why the record is not complete. I think we can all unanimously agree it is not complete. So go back to the original question. Now, your dilemma, if we apply the Fouch Doctrine to this case, what's your reaction as to whether or not you win or lose the case? I think we still have the commission decision, and I don't know what there is out there that counterdicts it. You have Judge Schmidt saying, well, I adopt Commissioner Lindsay's dissent, and Commissioner Lindsay's dissent basically said, well, it's not very helpful. It says, well, the commission looked at the wrong record, and Commissioner Lindsay goes into a long diatribe about the majorities going through the procedural. You don't want us to fouch the trial court's decision, do you? Because if we apply it, we resolve the doubts in favor of the trial court, you lose. You want us to, based on your failure to file a complete record, you want us to reverse the trial court and adopt the factual findings of the commission and reverse the trial court, is what you want us to do. And, boy, it occurs to me that that's in Fouch's ear. Does Fouch say that? Well, you said you weren't familiar with Fouch. Well, I mean, we review the commission's decision. Right. You agree with that, don't you? We don't review the court's decision. We review the commission's decision. Absolutely. And if the epilogue gives us an insufficient record to decide to review the commission's decision, we're supposed to reverse the trial court and reinstate the commission's decision. Well, you do have the commission's decision with its reasoning, nine pages of it. But we don't have the underlying facts that they relied on. So how do I know if they're correct? What am I reviewing? I can read their decision. I know what it says. How do I know it's correct? I don't think my opponent has taken issue with the correctness. Well, we'll find out when your opponent gets up here. That is true. Do you want to touch on, in your limited time, in the next few minutes, on the other issues, why we should uphold the commission? At least say that. Well, certainly, using the manifest weight standard, the commission looked at the argument that was made and adopted at arbitration but rejected by the commission, at least the second time through, was somehow there was some inconsistency in the medical records that warranted a defining. And the commission specifically rejected that and found that the Ferris Menace Burden, proving any sustained accidental injuries that arose in and out of the course of employment, specifically found that the medical records support a work-related accident. So they based it on the medical records and his testimony. And his testimony. And there's really no... If you had a complete record, you'd have a very simple argument. Nothing has been simple in this case so far. We gather that. Okay, thank you, counsel. Counsel, you may respond. Of course, after you identify yourself, you may want to clue us in on the reason for the missing transcripts and records. May it please the court? Counsel? This will go right to the record. I don't have any argument towards the record, Judge. It was his appeal. I didn't make an issue with the appeal. Okay, we know the record isn't here, right? Correct. Okay. So what does that mean that we can do, from your perspective? Well, either we proceed on the record that we have with the appendix or... With the appendix? How can the appendix be part of the record? I'm saying if I were to stipulate to today, Your Honor. Can one side stipulate to something? No, Judge. Okay. Wait a minute. Your opponent has submitted it to us and told us that it was accurate. Correct. Are you telling us that you're willing to stipulate that everything that he put into this appendix... I'm not saying I'm willing to stipulate to anything. He asked for the option. I was given the option that we could potentially do today if it wasn't to be just focused on that issue. That's what I'm talking about. Are you willing to stipulate that every document, including the transcripts, that he submitted with his appendix are true and accurate, and you're willing to stipulate that they were properly part of the record? Not today, Judge, no. Well, then we've got a problem on our hands here. And now the question I have is what did you give that trial judge? Judge, I don't believe that I was the one that prepared the record for the trial judge. So you don't know what the trial court had, or do you? I know he had. I wrote the brief, Your Honor. I'm out of Cook County. I came down to Springfield, did the record, did my brief, and I was able to cite everything that I felt I needed to cite to, and I believe the record to be complete at that time. I don't know if the county counsel disagrees. Obviously Judge Schmidt was able to review my brief and access any of the exhibits or cites and make a ruling. So the trial court did not have a transcript of the claimant's testimony, which is key in this case. Did he? I don't recall, Judge. Okay, so the commission's decision stands. Is that what you're saying? No, I'm not saying that at all. Well, what are we doing here, then? What do we have? Well, the rules say. What does Fouch say? If we fouls the commission's decision, you lose. Correct. That's what I want you to fouls the commission's decision. Well, tell us, then, why we shouldn't apply it to the commission, not to the trial court. That's the looming question. Judge, I think I can see where it's going. We can stipulate the record if Mr. Waters wants to stipulate to the appendix today. We can do it and we can move forward with it. I'm questioning whether even if you stipulate it to it, it's enough. Because you never even raised the propriety or impropriety of the circuit court's first order reversing the commission. There's not a single thing in your brief about that. That's reviewable in this case. That was in your favor, wasn't it? The circuit court's ruling, yes. You never raised the propriety of that order, affirming that order, or reversing that order, rather, in support of the decision in this case, which you could do. I don't know what we're supposed to do with this case. You know, I'm almost tempted to suggest we apply the old adage, we're as sure to our bosses, Ms. Putnam, we ought to unbutton it and let you start all over again. Send it downstairs with an order that you file a record. And let the trial judge decide it after he's got a record. I'm at a loss to know what we do with this case. You're here to tell us. So go ahead. Well, you might want to tell us in the time why the commission's decision was against the manifest weight. Well, there's several issues, and I don't believe we have time enough for rebuttal, so I'm going to skip all of the summons issues. I believe that was readily in my favor. Skip the technical arguments. Correct. And go right to the manifest weight. Let me ask one question before you do that. The first time this case was in the circuit court, that was in Rock Island County, is that right? Correct. Okay. And at that point, the defendant in the case was from Quad Cities, which was resident in Rock Island County. So these issues about subject matter jurisdiction wouldn't apply there. Correct. Phoenix was the defendant in the first appeal to the circuit court in Rock Island. Okay. All right. Go ahead. Okay. Now, as far as the manifest weight, Your Honors, that's exactly what I did when I talked to Judge Schmidt and asked him to take a close look at the dissent of Commissioner Lindsey as opposed to the majority decision of the commissioners. Commissioner Lindsey drafted a very direct and specific dissent indicating and showing how the two majority commissioners reviewed the wrong record. As you know, there was an original 19B hearing and a second 19B hearing on remand. And when they cite to their record and make the ruling to indicate that there was never a transcript in the record, that's inaccurate. And along with other inconsistencies, they took into account the myelogram, other EMGs and NCVs, which have nothing to do with the actual accident itself. And based on the serious arguments and the way they've misconstrued it at the commission level, the commissioners reviewed the wrong record. Commissioner Lindsey points it out. Judge Schmidt agreed with this, found it was against the manifest weight of the record because you can't overturn the arbitrator based on the wrong record. So that's the gist of it, Your Honors. All right. Thank you. Thank you. Can I ask one quick question? Yes, Your Honor. You won the original arbitration, did you not? Several, yes. Pardon? There were several. You won the original. Correct. How come you didn't argue in this appeal that the original commission's decision was correct and that the circuit court was in error when they reversed it and sent it back for a new hearing? Because that's reviewable now. The circuit court sent it back for a hearing on the myelogram, and at that point when they would have appealed the issue as to the myelogram and the impeachment of George Ferris for substantive purposes, I was not the attorney. And? But there was still a record, wasn't there? Pardon me? In theory, there was a record. There was a record, correct. And you are allowed on the appeal from the circuit court decision post-remand to argue the incorrectness of the circuit court's ruling as to the original decision. I mean, that's when it comes up before us. But there's not a word in your brief about it. No, Judge, I didn't feel the need to. I didn't feel the need to. We won it again when it went back down again. So the answer is it's another unsolved mystery. No, it's unsolved. We went to hearing again, and we prevailed. So I don't know that it was unsolved. Okay. Thank you. Mr. Waters, you have time in the five. Mr. Roberts, staff? Commissioner, when was the time that the fellow commissioners reviewed the wrong record? The parts that she takes issue with are simply parts where the commission has set out the procedural history and everything that's happened up to now, the failed impeachment of George Ferris and all of that. So that was set out by the commission in its final decision as part of its underheading procedural history. Okay. And then when they decide the case, they say we've looked at the medical records, and we find that they generally support the petitioner's theory of accident we find for the petitioner. So the argument that Commissioner Lindsay and anybody else would make that the commission reviewed the, quote, It's all face and long. Thank you. Council vote. I will be taking that advisement. This position shall issue. Court will stand a brief recess.